UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

---

| | |
|---|---|
| **HOPE WRIGHT** | : |
| Plaintiff, | : |
| v. | : |
| **ENCOMPASS HOME HEALTH OF CENTRAL VIRIGNIA, LLC dba ENCOMPASS HEALTH HOME HEALTH** | : |
| **ENCOMPASS HOME HEALTH OF THE MID ATLANTIC, LLC dba ENCOMPASS HEALTH HOME HEALTH & HOSPICE** | :  Civil Action No. 3:21-cv-229 |
| Defendant. | :  TRIAL BY JURY DEMANDED |

## COMPLAINT

COMES NOW, the Plaintiff, Hope Wright ("**Ms. Wright**" or "**Plaintiff**"), by and through her undersigned counsel, and moves this Honorable Court for judgment against the Defendants, Encompass Home Health of Central Virginia, LLC dba Encompass Health Home Health and Encompass Home Health of the Mid Atlantic, LLC dba Encompass Health Home Health & Hospice (collectively "**Encompass**" or "**Defendant**"), on the grounds and praying for the relief hereinafter set forth:

### Parties

1. Plaintiff at all times relevant hereto was a resident of the Commonwealth of Virginia.

2. Plaintiff was a Home Health Speech Therapist until she was informed of her termination on March 4, 2020 and her last day was March 16, 2020.

3. Defendant is a company providing home health and hospice services to individuals in the

1

Commonwealth of Virginia. Defendant entity Encompass Home Health of the Mid Atlantic, LLC operated under numerous tradenames, including but not limited to Encompass Health Home Health & Hospice, and, Encompass Health Home Health. The entity was surrendered on or about March 31, 2020 and maintains an inactive status. Defendant entity Encompass Home Health of Central Virginia, LLC also operates off of the dba Encompass Health Home Health and is the same/successor entity. Defendant Encompass Home Health of Central Virginia, LLC was the responding party to the EEOC charge in this case.

4. Defendant operated a principle office at 6688 N. Central Expressway, Ste 1300, Glen Allen, VA 23060.

### Jurisdiction and Venue

5. Plaintiff brings this action for damages and injunctive relief on account of Defendant's violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq* (the "**ADA**"). Specifically, by Defendant's failure to accommodate Plaintiff, Defendant's discrimination of Plaintiff, and Defendant's retaliation against Plaintiff as prohibited by the ADA.

6. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 *et seq*.

7. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(1) and (d).

8. Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII, 42 U.S.C. § 2000e-5, in particular:

   a. Plaintiff was terminated from her employment with Plaintiff on March 16, 2020.

   b. On or around May 6, 2020, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission (the "**EEOC**") that was amended on November

      6, 2020, alleging disability discrimination, failure to accommodate, and retaliation (the "**Charge**").

    c. The Charge was timely filed with the EEOC within three hundred (300) days from the latest date of discrimination relative to this matter.

    d. On January 6, 2021, the EEOC issued Plaintiff a notice of dismissal and notice of suit rights ("**Notice of Right to Sue**"), which was received shortly thereafter.

    e. The Complaint in this matter was filed with this Court within ninety (90) days from the receipt of the Notice of Right to Sue.

## Statement of Facts

9. Plaintiff was originally hired as a speech therapist for Generation Solutions in September 2019.

10. This division of Generation Solutions that Plaintiff worked for was purchased by Defendant.

11. On March 3, 2020 Plaintiff completed the new hire paperwork with Defendant.

12. This included informing them that Plaintiff had a disability and medical issue that prevented her from driving herself and that she used a driver to get to the patients homes (as she had done with Generation Solutions).

13. On March 4, 2020, without any prior discussion, Defendant informed Plaintiff that they could not accommodate her and that her last day was March 20, 2020.

14. Defendant asserted during that meeting that they could not allow her to use a driver as this was a violation of HIPPA and that HIPPA trumped ADA.

15. Using a driver was not a HIPPA violation.

16. In addition, Defendant did not engage in the interactive process to determine if there were

any other possible options that would allow her to get to the patients property (which she had been doing for years). They did not engage in any discussion about it at all.

17. Further, despite this pretextual basis, Defendant allowed Plaintiff to continue using a driver though March 20, 2020 which they had indicated to be her last day.

18. On March 16, 2020, Plaintiff was called in for another meeting with Defendant. At this meeting it was asked if she had been informing patients that she was terminated.

19. She indicated that she had informed them she had been terminated and that March 20, 2020 was her last day.

20. Defendant then told Plaintiff she was no longer a speech therapist and was being instantly demoted to a desk position until March 20, 2020.

21. No resignation letter was ever provided by Plaintiff and she never resigned as a speech therapist.

22. Plaintiff did not have any written reprimands or negative performance evaluations.

23. Plaintiff was not on a performance improvement plan at the time of her termination, or, within the prior twelve months.

24. Plaintiff did not have any history of misconduct or disciplinary action.

25. Plaintiff was an exemplary employee with a strong relationship with her patients.

26. Defendant refused to discuss any accommodation with Plaintiff that would enable her to continue to do her job, despite that she had been doing the same thing with her prior employer, before they were acquired.

27. As a result of Defendant's violations of the ADA, Plaintiff has suffered and will continue to suffer, including, but not limited to, loss of back pay, loss of front pay, severe mental anguish, stress, pain and suffering.

28. Due to the severity of Defendant's conduct and pattern and practice of such behavior, Plaintiff is also entitled to punitive damages.

## COUNT I
### Failure to Accommodate in Violation of the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.

29. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

30. Plaintiff had a disability that substantially impaired her ability to work. Specifically, Plaintiff had a seizure disorder. As a result, she had difficulty *inter alia* driving.

31. Plaintiff provided Defendant with notice of her disabilities, and Defendant was aware of the disabilities.

32. Plaintiff was able to perform the essential functions of her job with the accommodation.

33. When faced with this request, Defendant refused to engage in the discussion or interactive process at all.

34. Defendant did not engage in or discuss these options with Plaintiff.

35. Defendant was dismissive of Plaintiff's request and immediately without discussion denied it.

36. Plaintiff's request was reasonable under the circumstances and she had already been doing it.

37. Defendant did not engage in the interactive process.

38. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected her status as an employee on the basis of Plaintiff's disability, in violation of the ADA.

39. Defendant effectuated her termination by failing to accommodate her.

40. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that she has suffered lost back pay, front pay, and will continue to suffer, including, but not limited to, severe mental anguish, stress, pain and suffering.

41. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

42. In acting as alleged herein, Defendant acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

43. As a result of Defendant's acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

## COUNT II
**Retaliation and Wrongful Discharge in Violation of
the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.**

44. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

45. Defendant employs at least twenty (20) people.

46. Plaintiff has a disability that substantially impairs her ability to work.

47. Plaintiff provided Defendant with notice of this disability.

48. Plaintiff's request and discussion for accommodations regarding her disability were protected activities.

49. Subsequently, Plaintiff was almost immediately terminated, the next day, without discussion regarding the accommodation or alternative options.

50. Plaintiff was fulfilling her employer's legitimate expectations at the time of discharge as she did not have written reprimands, she was not on a performance improvement plan, and she was an exemplary employee.

51. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected her status as an employee on the basis of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

52. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that she has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

53. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

54. In acting as alleged herein, Defendant acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

55. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to

reasonable attorney's fees and costs of this suit, and, pre and post judgement interest.

## COUNT III
### Discrimination in Violation of
### the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.

56. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

57. Plaintiff's employment was terminated due to her disability and/or Defendant's perception that Plaintiff was disabled.

58. Plaintiff was terminated because of her disability.

59. This was done with the express intention of terminating Plaintiff.

60. As a proximate result Defendant's discrimination against Plaintiff on the basis of her disability and/or record or perception of disability, Plaintiff has suffered and continues to suffer a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, future earnings, and expenses, in an amount to be proven at trial.

61. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

62. In acting as alleged herein, Defendant acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

63. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to

reasonable attorney's fees and costs of this suit.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment on her behalf and against Defendant;

B. Award Plaintiff compensatory damages;

C. Award Plaitntiff her front pay and back pay damages;

D. Award Plaintiff punitive damages;

E. Award Plaintiff her court costs, expenses, attorneys' fees, prejudgment interest and post-judgement interest;

F. Declare that Defendant's conduct is in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964;

G. Declare that Defendant's conduct is in violation of the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 6101 *et seq.*, and Title VII of the Civil Rights Act of 1964;

H. Order that Defendant be prohibited from continuing to maintain its illegal policy, practice or custom of failing to accommodate and to engage in the interactive process to further rights afforded to individuals who exercise or who attempt to exercise their rights under the ADA or ADEA;

I. Order that Defendant be required to promulgate an effective policy against such discrimination and to adhere thereto; and,

J. Grant such other relief as this Court may consider just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

                Respectfully submitted,

                HOPE WRIGHT

                By Counsel

                By: /s/ Dirk McClanahan
                Claudia Lopez-Knapp, Esq. (VSB 92367)
                Dirk McClanahan, Esq. (VSB 81208)
                MCCLANAHAN POWERS, PLLC
                8133 Leesburg Pike, Ste. 130
                Vienna, VA 22182
                Telephone: (703) 520-1326
                Facsimile:   (703) 828-0205
                Email: clopezknapp@mcplegal.com
                       dmcclanahan@mcplegal.com
                       admin@mcplegal.com
                *Counsel for Plaintiff*